Judge Trimble
delivered the opinion of the Court.*
•THIS was an action of assumpsit-, brought by Bell & Co. against Herbert G. Waggener. . The declaration contains five counts — 1st, For money had and received-; 2d, for money paid, laid out and expended; 3d, for money lent and advanced; 4th, upon an account stated; and 5th, upon an award alleged to ha.ve been made between the plaintiffs and defendant.
Issues of fact were made up between the parlies, and a vérdict and judgment were given against the defendant.
During the trial of the cause, five several instructions were moved for by the defendant, one of which was. given, and the others were overruled; and the question^ *103 made by the assignment of errors, grow out of the de-cisión of the court in refusing to give the instructions asked for.
where the submission is °°“tro" mand 0fone of the parties aS?-IIlsta a decIsioiT'ia favor of the c^aim’ with-tha^tlm'paVty to the sub-mission shall npt^up-port assump-sit against 1>im‘
Evidence of aninsimul P°f puta6,s.ellt plaintiff and defendant, of anVa third person, and promise of dant to^pay tile balance, wil1 n.ot SUP* thefour^om-mon money counts,
Mandat®
Bibb, for appellant; Monroe,-, for appellees:
The first was, that if the jury believed that the moneys claimed by the plaintiffs were lent to Alexander Waggener, advanced on his credit and not for the defendant, they must find for the defendant.
It is very clear, that if the money was lent to Alexander Waggener, advanced on his credit and not on the credit of the defendant, the plaintiff ought not to recover on the count for money lent, and to that extent it Would, no doubt, have been right to have instructed the jury. But although the evidence might not be sufli-cient to enable the plaintiffs to recover upon the count for money lent, it might have been sufficient, in the opinion of the jury, to entitle the plaintiffs to recover on one of the other counts.
We are not, therefore, satisfied that the court erred in refusing to give this instruction.
The second instruction, we think, was properly overruled; the third was given, and, therefore, need not he particularly noticed. '
The- fourth instruction is somewhat ambiguously expressed; but we think it is correct in principle, and ought to have been given. The referees did not decide that the defendant should pay a sum of money to the plaintiffs, or perform any other duty,.nor did the submission authorize them to do so. Their decision was, therefore, totally insufficient to this action.
We think that the fifth instruction ought, also, to have been given. A settlement of accounts, existing between the plaintiffs and Alexander Waggener, made by the defendant with the plaintiffs, and a profeiise by the defendant to pay the balance, could not justify the jury in finding a verdict for the plaintiffs, Upon any count in the declaration.
The judgment is reversed with costs, and the cause remanded to the court below, for further proceedings to be had therein, not inconsistent with the foregoing opinion.

 Absent, Ch. J. Barry.